IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Beverly K. Johnson, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Michael J. Astrue, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 6:10-252-MBS-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the *pro se* plaintiff's motion to remand pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).

The plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security Administration that the plaintiff was not entitled to Social Security benefits.

The plaintiff filed her complaint on February 4, 2010. On April 23, 2010, the plaintiff filed the instant motion seeking remand to an Administrative Law Judge or the Commissioner of Social Security. The Commissioner was served with the summons and complaint on June 3, 2010. On October 1, 2010, the Commissioner filed an answer and a response in opposition to the motion to remand.

In her motion, the plaintiff argues that "updated documentation" shows that she is disabled. However, as argued by the Commissioner, the plaintiff provides no legal basis or evidence in support of her assertions. A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the

evidence must be relevant to the determination of disability at the time the application was first filed (i.e., during the relevant period); (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court. *See Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985), superseded by statute, 42 U.S.C. § 405(g), as recognized in *Wilkins v. Sec'y, Dept. of Health and Human Servs.*, 925 F.2d 769 (4th Cir. 1991).[1] The plaintiff's motion does not meet these prerequisites, and thus the motion should be denied.[2]

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

October 28, 2010

Greenville, South Carolina

---

[1]"Though the court in *Wilkins* indicated in a parenthetical that *Borders*' four part test had been superseded by 42 U.S.C. § 405(g), the Fourth Circuit has continued to cite *Borders* as the authority on the requirements for new evidence when presented with a claim for remand based on new evidence, and the U.S. Supreme Court has not suggested that the *Borders* construction of § 405(g) is incorrect." *Ashton v. Astrue*, C.A. No. TMD 09-1107, 2010 WL 3199345, at *3 n. 4 (D.Md. 2010) (citing cases).

[2]Under the Local Civil Rules, the plaintiff may file a written brief within 30 days of the filing of the Commissioner's answer. Local Civil Rule 83.VII.04 DSC. The plaintiff may re-address her request for remand in her brief is she so wishes.