IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Beverly K. Johnson,  )<br>                                )<br>               Plaintiff,   )<br>                                )<br>      vs.                      )<br>                                )<br>Michael J. Astrue,       )<br>Commissioner of Social Security,  )<br>                                )<br>               Defendant.   )<br>_____) | Civil Action No. 6:10-252-MBS-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       This matter is before the court on the Commissioner's motion to dismiss for lack of prosecution (doc. 41). The *pro se* plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security Administration that the plaintiff was not entitled to Social Security benefits.

       The plaintiff filed her complaint on February 4, 2010. On April 23, 2010, the plaintiff filed a motion seeking remand to an Administrative Law Judge or the Commissioner of Social Security. The defendant filed his answer to the plaintiff's complaint on October 1, 2010. Local Civil Rule 83.VII.04 DSC requires a plaintiff in a Social Security case to file her brief 30 days from the date the Commissioner files his answer, making the plaintiff's brief due on November 3, 2010.

       In a report filed October 28, 2010, this court recommended that the plaintiff's motion to remand be denied. The plaintiff was mailed a copy of the report and recommendation, along with a notice giving her through November 15, 2010, to file objections. The plaintiff failed to file any objections to the recommendation. On December 3, 2010, the Honorable Margaret B. Seymour, United States District Judge, denied the plaintiff's motion to remand.

       The plaintiff failed to file her brief, which was due on November 3, 2010. As the plaintiff is proceeding *pro se,* on December 14, 2010, the court filed an order giving her through January 10, 2011, to file her brief in this case. The plaintiff was specifically advised that if she failed to respond, this action would be dismissed for failure to prosecute. The plaintiff did not file a brief within the required time period.

On November 12, 2010, the Commissioner filed a motion to dismiss for lack of prosecution. By order filed January 20, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if she failed to adequately respond to the motion.

On February 4, 2011, the plaintiff filed a response to the motion to dismiss for lack of prosecution. In that response, the plaintiff states in pertinent part:

> While I am not getting any better, this as it may be, is not enough. This distressing 4 year struggle can not be successfully pleaded at this time. Plaintiff does not have the mental focus or the energy, nor the documentation necessary to continue at this time.
>
> It appears I must start the process over with better documentation and legal representation.
>
> In response to your "Roseboro Order to Plaintiff", with all motions denied, I feel it is a waste of judicial time to proceed.
> I do not wish to incur any penalties from the court, by wasting your time.
>
> PLEASE ALLOW THE "MOTION TO DISMISS" TO PROCEED AND CLOSE. . . .

(Pl. resp. to m. to dismiss at 2) (emphasis in original).

Based upon the foregoing, this court recommends that the Commissioner's motion to dismiss for lack of prosecution (doc. 41) under Federal Rule of Civil Procedure 41(b) be denied. Rather, based upon the plaintiff's response to the motion (doc. 50), it appears the plaintiff wishes to voluntarily dismiss the current action and proceed after she gets an attorney. Accordingly, this court recommends that the action be dismissed without prejudice,[1] pursuant to Rule 41(a)(2).

February 9, 2011                              s/Kevin F. McDonald
Greenville, South Carolina                    United States Magistrate Judge

---

[1] A dismissal "without prejudice" indicates the absence of a decision on the merits and allows a new lawsuit to be brought on the same cause of action. *See Black's Law Dictionary* 1603 (6th ed.).